UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIEXER CORTES LABRADA (A# 244-581-918),<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-06309 DC SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding through appointed counsel with a habeas corpus action pursuant to 28 U.S.C. § 2241. The assigned District Judge referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. ECF No. 9.

## I. Factual and Procedural History

Petitioner is a citizen and national of Cuba who has been in immigration detention since March 26, 2026. ECF No. 1 at 5, ¶ 19. On May 21, 2026, an immigration judge ("IJ") ordered Petitioner removed to Cuba and granted his applications for withholding of removal under 8 U.S.C. § 1231(b)(3) and the Convention Against Torture ("CAT"). ECF No. 7-1. Petitioner waived his right to appeal. Id. at 4. The Department of Homeland Security ("DHS") reserved appeal rights. Id.

On August 10, 2026, Petitioner, proceeding pro se, filed this habeas petition and a motion

for temporary restraining order ("TRO"). ECF Nos. 1, 2. On August 31, 2026, District Judge Coggins denied Petitioner's TRO motion on grounds he was within the 90-day "removal period" and subject to mandatory detention. ECF No. 9. After Judge Coggins referred the matter, the undersigned appointed counsel to Petitioner and granted leave to file a merits brief. ECF No. 10.

In the counseled merits brief, Petitioner argues that because he waived his right to appeal the immigration judge's ("IJ") order removing him to Cuba, the removal period began on May 21, 2026, the date it was issued. ECF No. 12 at 2 (citing 8 C.F.R. § 1241.1(b)). As a result, he has been subject to detention under 8 U.S.C. § 1231(a)(6) since the removal period ended on August 19, 2026. Id. Although his post-removal detention has not reached six months, Petitioner maintains he is entitled to release under the framework of Zadvydas v. Davis, 533 U.S. 678 (2001), because his removal to Cuba is not reasonably foreseeable. Id. at 3-4. In response, Respondent acknowledges this case "may fall in the category of immigration cases for which Courts in this district have typically ordered release on an Order of Supervision," but "preserves the position that Petitioner is subject to the mandatory post-order detention statute, 8 U.S.C. § 1231(a)(2)," should he refuse to "cooperate with his removal to a third country willing to accept him." ECF No. 13 at 1-2.

**II. Statutory Framework After Removal Order**

The detention of noncitizens who have been ordered removed from the United States is governed by 8 U.S.C. § 1231(a). Detention is mandatory during the 90-day "removal period" following the entry of a final order of removal. See 8 U.S.C. § 1231(a)(1)-(2). "This 'removal period' begins on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and [the Ninth Circuit Court of Appeals] stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez v. Garland, 69 F.4th 525, 531 (9th Cir. 2023) (quoting 8 U.S.C. § 1231(a)(1)(B)(i)-(iii)). "[Section] 1231(a)(6) provides that after a 90-day 'removal period,' a noncitizen 'may be detained' or may be released under terms of supervision." Johnson v. Arteaga-Martinez, 596 U.S. 573, 575 (2022). ICE "may" only continue to detain the noncitizen after the 90-day removal period under certain

circumstances, including when the noncitizen is removable on grounds of being convicted of certain criminal offenses. 8 U.S.C. § 1231(a)(6).

The undersigned agrees with Petitioner that the 90-day removal period began on May 21, 2026, when he waived appeal of the IJ's removal order. See 8 C.F.R. § 1003.39 ("Except when certified to the Board [of Immigration Appeals], the decision of the [IJ] becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first."); 8 C.F.R. § 1241.1(b) (order of removal becomes final "[u]pon waiver of appeal by the respondent"). Thus, Petitioner has been subject to detention under § 1231(a)(6) since the expiration of the 90-day removal period, on or around August 19, 2026.

The Supreme Court examined the constitutional limits of detention under § 1231(a)(6) in Zadvydas, describing as "obvious" the "serious constitutional problem arising out of a statute that, in these circumstances, permits an indefinite, perhaps permanent, deprivation of human liberty without any" procedural "protection[s.]" 533 U.S. at 692. Zadvydas read an implicit due process limitation into the immigration statute governing the removal of noncitizens subject to a final order of removal in order to avoid serious constitutional problems. The Supreme Court reasoned that "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. As a result, "once [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Zadvydas, 533 U.S. at 699. In order to establish a uniform standard for determining when ongoing detention crosses constitutionally acceptable limits, the Court recognized a presumptively reasonable six-month period of detention. Id. at 701. If a noncitizen "provides a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

## III. Analysis

### A. Petitioner's Detention is Not Presumptively Reasonable

The fact that Petitioner's post-removal detention has yet to reach six months does not foreclose a claim that his detention is unlawful under Zadvydas. "Zadvydas did not hold that the

statute authorizes detention until it approaches constitutional limits; it held that, since interpreting the statute to authorize indefinite detention (one plausible reading) would approach constitutional limits, the statute should be read (in line with the other plausible reading) to authorize detention only for a period consistent with the purpose of effectuating removal." Clark v. Martinez, 543 U.S. 371, 384 (2005) (citing Zadvydas, 533 U.S. at 697-99); see also Uzzhina v. Chestnut, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787, *3 n. 3 (E.D. Cal. Dec. 2, 2025) ("The fact that a noncitizen has been held in-custody less than six months does not foreclose a claim that his or her detention is unlawful under Zadvydas."); Trinh v. Homan, 466 F. Supp. 3d 1077, 1092 (C.D. Cal. 2020) (explaining that "[a]t no point did the Zadvydas Court preclude a noncitizen from challenging their detention before the end of the presumptively reasonable six-month period"); Medina v. Noem, 794 F. Supp. 3d 365, 375 (D. Md. 2025) (noting that "what Zadvydas did make clear was that it was adopting a presumption—not a conclusive bar to adjudication of whether continued detention is authorized that lifts only after six months have elapsed"); Vijdani v. Mattos, No. 2:25-cv-02496-GMN-EJY, 2026 WL 560209, at *3-4 (D. Nev. Feb. 27, 2026) (collecting cases concluding the same).

Despite not yet reaching six months of post-removal order detention, Petitioner has overcome the presumption of reasonableness under Zadvydas. First and foremost, the IJ's grant of withholding prohibits his removal to Cuba. See Johnson v. Guzman Chavez, 594 U.S. 523, 531 (2021) ("If [a noncitizen] is granted withholding-only relief, DHS may not remove the [noncitizen] to the country designated in the removal order unless the order of withholding is terminated."); 8 U.S.C. § 1231(b)(3). "[A] a grant of withholding of removal under the [CAT] to a noncitizen 'is a powerful indication of the improbability of his foreseeable removal, by any objective measure.'" Saadhom v. Bondi, 829 F. Supp. 3d 907, 915 (W.D. Wash. 2026) (quoting Nadarajah v. Gonzales, 443 F.3d 1069, 1081 (9th Cir. 2006)). Regardless, as Petitioner notes, numerous courts have recognized that Cuba does not generally issue travel documents allowing the United States to carry out removal orders to Cuba. See Barnada-Horta v. Raycraft, No. 1:26-CV-1023, 2026 WL 1265521, at *4 (W.D. Mich. May 8, 2026) ("Cuba is considered a recalcitrant country by DHS because Cuba is known to refuse or delay repatriation of their

citizens."); Cabrera v. Senior Warden, No. C26-3073, 2026 WL 2249486, at *3 (C.D. Cal. Aug. 3, 2026) (discussing "Cuba's unwillingness to repatriate U.S. deportees" and collecting cases).

As Petitioner has met his burden of establishing a "good reason to believe" that there is no significant likelihood of his removal in the reasonably foreseeable future, the burden therefore shifts to Respondent to rebut Petitioner's showing. Zadvydas, 533 U.S. at 701. Respondent does not attempt to rebut and in fact admits this case may warrant release on an Order of Supervision. ECF No. 13 at 1. Respondent preserves the right to extend the removal period should Petitioner refuse to cooperate with his removal to a third county but does not allege that Petitioner has in fact interfered with such efforts.[1] Accordingly, because Petitioner has sufficiently established that his removal is not reasonably foreseeable and that his ongoing detention is therefore not reasonably necessary to secure his removal, the undersigned recommends that his petition be granted. See Zadvydas, 533 U.S. at 699–700.

**CONCLUSION**

1. Petitioner's application for a writ of habeas corpus be GRANTED on its sole Fifth Amendment due process claim.

2. Respondent be ordered to immediately release Petitioner ELIEXER CORTES LABRADA (A# 244-581-918) under conditions of supervision dictated by applicable statutes and regulations.

3. The Clerk of Court be directed to serve the California City detention facility with a copy of any final order granting release.

4. Respondent shall not re-detain Petitioner unless and until they comply with all

---

[1] Even if Respondent had alleged Petitioner's noncooperation, Respondent's argument – that a noncitizen's refusal to acquiesce to removal to a third country where an IJ has not ordered him removed constitutes a failure to cooperate with his removal such that his continued detention is permitted under § 1231(a)(1)(C) – has been consistently and repeatedly rejected. See Suarez v. Chestnut, No. 1:26-cv-05147-EJD, 2026 WL 2547116, at *2 (E.D. Cal. Aug. 28, 2026) ("Section 1226(a)(1)(C) does not authorize the continued detention of an individual so that the Government may obtain his consent to be removed to a third country he has not been afforded the opportunity to challenge."); Garcia v. Warden, Central Valley Annex, No. 1:26-cv-04659-DJC-JDP, 2026 WL 2254380, at *2 (E.D. Cal. Aug. 4, 2026) ("Indeed, district courts have repeatedly found that similarly situated petitioners – Cuban nationals whom the Government is attempting to remove to Mexico against their will – have met their initial [Zadvydas] burden, especially because the current standing agreement with Mexico appears to be conditioned on the consent of the noncitizen.") (collecting cases).

procedures set forth in 8 C.F.R. § 241.13(i) and any other applicable statutes and regulations.

5. Judgment be entered in Petitioner's favor and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE